

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-20164-CR-MARTINEZ/BECERRA

18 U.S.C. § 371
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA

vs.

JHONNATAN TEODORO MARIN SANGUINO,

    Defendant.
_____/

## INFORMATION

The United States charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

### RELEVANT INDIVIDUALS AND ENTITIES

1. Petróleos de Venezuela, S.A. ("PDVSA"), was the state-owned and state-controlled oil company of Venezuela. PDVSA and its subsidiaries and affiliates were responsible for the exploration, production, refining, transportation, and trade in energy resources in Venezuela and provided funding for other operations of the Venezuelan government. PDVSA's officers and employees were "public officials" as that term is used under Venezuelan law.

2. PDVSA entered into joint ventures with foreign oil companies in the oil-rich Orinoco belt in Venezuela to leverage the expertise of the foreign oil companies (collectively, the "PDVSA Subsidiaries"). PDVSA maintained a majority stake in, and controlled, the PDVSA Subsidiaries, and that control extended to the procurement process. Employees and officers of

the PDVSA subsidiaries were "public officials" as that term is used under Venezuelan law. The PDVSA Subsidiaries included, among others, the following entities:

    a. Petrocedeño S.A. ("Petrocedeño") was a joint venture between two European oil companies and PDVSA.

    b. Petropiar S.A. ("Petropiar") was a joint venture between an oil company in the United States and PDVSA.

    c. Petromonagas S.A. ("Petromonagas") was a joint venture between a Russian oil company and PDVSA.

    d. Petrolera Sinovensa S.A. ("Sinovensa") was a joint venture between a Chinese oil company and PDVSA.

    e. Petromiranda S.A. ("Petromiranda") was a joint venture between five Russian oil companies that make up a consortium and PDVSA.

3. Defendant **JHONNATHAN TEODORO MARIN SANGUINO** was a citizen of Venezuela. **JHONNATHAN TEODORO MARIN SANGUINO** served as mayor of Guanta, a port city in the Orinoco belt of Venezuela from in or around 2008 until in or around 2017, and therefore was a "public official" as that term is used under Venezuelan law. **JHONNATHAN TEODORO MARIN SANGUINO** also owned and controlled Marin Company 1, a company that maintained a bank account in the Southern District of Florida.

4. Co-Conspirators 1 and 2 were contractors who obtained contracts with the PDVSA Subsidiaries. Co-Conspirators 1 and 2 both maintained bank accounts for their companies in the Southern District of Florida.

5. Venezuelan Officials 1 and 2 were senior officials at the PDVSA Subsidiaries and were "public officials" as that term is used under Venezuelan law.

## COUNT 1

## CONSPIRACY TO COMMIT MONEY LAUNDERING

From in or around 2013, and continuing through in or around 2018, in the Southern District of Florida, and elsewhere, the defendant,

**JHONNATHAN TEODORO MARIN SANGUINO,**

did knowingly and voluntarily, that is, with the intent to further the object of the conspiracy, combine, conspire, confederate, and agree with others known and unknown to the United States, including, but not limited to, Co-Conspirators 1 and 2 and Venezuelan Officials 1 and 2, to commit offenses against the United States, namely:

    a. to knowingly conduct a financial transaction, which involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and with the intent to promote the carrying on of specified unlawful activity, namely, an offense against a foreign nation, specifically Venezuela, involving bribery of a public official, and the misappropriation, theft, and embezzlement of public funds by and for the benefit of a public official, as provided by Title 18, United States Code, Section 1956(c)(7)(B)(iv), in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i);

    b. to knowingly conduct a financial transaction, which involved the proceeds of specified unlawful activity, knowing the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of said specified unlawful activity, namely an offense against a foreign nation, specifically Venezuela, involving bribery of a public official, and the misappropriation,

theft, and embezzlement of public funds by and for the benefit of a public official, as provided by Title 18, United States Code, Section 1956(c)(7)(B)(iv), in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

c. to knowingly transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States, and to a place in the United States from and through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, namely, an offense against a foreign nation, specifically Venezuela, involving bribery of a public official, and the misappropriation, theft, and embezzlement of public funds by and for the benefit of a public official, as provided by Title 18, United States Code, Section 1956(c)(7)(B)(iv), in violation of Title 18, United States Code, Section 1956(a)(2)(A).

## PURPOSE OF THE CONSPIRACY

The purpose of the conspiracy was for **JHONNATHAN TEODORO MARIN SANGUINO** and his co-conspirators to obtain contracts and other business advantages with the PDVSA Subsidiaries through corruption and bribery and to engage in financial transactions that promoted the corrupt scheme and that concealed and disguised the nature, the source, the ownership, and the control of the proceeds of their criminal offenses.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which **JHONNATHAN TEODORO MARIN SANGUINO** and his co-conspirators sought to accomplish the purpose of the conspiracy included, among other things, the following, while in the Southern District of Florida and elsewhere.

1. **JHONNATHAN TEODORO MARIN SANGUINO** agreed with others, including Co-Conspirators 1 and 2, to pay bribes for the benefit of Venezuelan Officials 1 and 2

4

in exchange for their assistance in obtaining contracts and payments for companies controlled by Co-Conspirators 1 and 2 from the PDVSA Subsidiaries.

2. **JHONNATHAN TEODORO MARIN SANGUINO** improperly used his official position in the Venezuelan government to influence officials at the PDVSA Subsidiaries to award contracts to Co-Conspirator 1's companies.

3. As a result of **JHONNATHAN TEODORO MARIN SANGUNIO's** improper influence of officials at the PDVSA Subsidiaries and the bribery scheme involving Venezuelan Officials 1 and 2, Co-Conspirator 1's companies received tens of millions of dollars in payments on contracts from the PDVSA Subsidiaries into bank accounts in South Florida. To promote the illegal bribery scheme, Co-Conspirator 1 wire transferred proceeds obtained from these contracts with the PDVSA Subsidiaries to bank accounts controlled and maintained by **MARIN** in the United States, as well as to bank accounts for the benefit of Venezuela Officials 1 and 2.

4. **JHONNATHAN TEODORO MARIN SANGUINO** and his co-conspirators, agreed to conceal, and did in fact conceal, the nature, source, ownership, and control of the bribes paid, and caused to be paid, by Co-Conspirators 1 and 2 and others by directing that the bribe payments be made to and from bank accounts in and outside of the United States to bank accounts in and outside of the United States held in the name of shell companies and third parties.

**OVERT ACTS**

In furtherance of the conspiracy, and to accomplish the purpose thereof, **JHONNATHAN TEODORO MARIN SANGUINO** and his co-conspirators committed and caused to be

committed, in the Southern District of Florida and elsewhere, at least one of the following overt acts, among others:

1. On or about January 5, 2015, **JHONNATHAN TEODORO MARIN** caused Co-Conspirator 2 to wire transfer approximately $100,000 from a bank account of Co-Conspirator 2 in Panama to a bank account of Marin Company 1 in Miami, Florida.

2. On or about December 20, 2016, **JHONNATHAN TEODORO MARIN SANGUINO** caused Co-Conspirator 1 to wire transfer approximately $250,000 from a bank account of Co-Conspirator 1 in Miami, Florida to a bank account of a relative of **MARIN** in Miami, Florida.

3. On or about December 21, 2016, **JHONNATHAN TEODORO MARIN SANGUINO** and Co-Conspirator 1 sent wire transfers totaling approximately $1,209,956 from a bank account of Co-Conspirator 1 in Miami, Florida to a bank account in Panama for the benefit of Venezuelan Officials 1 and 2.

4. On or about January 2, 2018, **JHONNATHAN TEODORO MARIN SANGUINO** caused Co-Conspirator 1 to wire transfer approximately $15,000 from a bank account of Co-Conspirator 1 in the United States to a bank account of Marin Company 1 in Miami, Florida.

All in violation of Title 18, United States Code, Section 371.

### FORFEITURE
(18 U.S.C. § 981(a)(1)(C))

1. The allegations contained in the Information are re-alleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States

of certain property in which the defendant, **JHONNATHAN TEODORO MARIN SANGUINO**, has an interest.

2. Upon conviction of a conspiracy to commit a violation of Title 18, United States Code, Section 1956(a), as alleged in this Information, the defendant, **JHONNATHAN TEODORO MARIN SANGUINO**, shall forfeit to the United States all property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3. The property subject to forfeiture includes, but is not limited to (a) a forfeiture money judgment in an amount equal to the amount of proceeds traceable to the violation; and (b) directly forfeitable property.

4. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty.

the United States shall be entitled to the forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

By: MICHAEL N. BERGER
ASSISTANT UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

JOSEPH S. BEEMSTERBOER,
ACTING CHIEF, FRAUD SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

By: ALEXANDER KRAMER
TRIAL ATTORNEY, FRAUD SECTION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

JHONNATHAN TEODORO MARIN SANGUINO,

                  **Defendant.**
_____ /

CASE NO. _____

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

**Court Division:** (Select One)

| | | | | |
|---|---|---|---|---|
| X | Miami | ___ | Key West | |
| ___ | FTL | ___ | WPB | ___ FTP |

New Defendant(s)         Yes ___   No ___
Number of New Defendants ___
Total number of counts ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)   Yes
   List language and/or dialect   Spanish

4. This case will take    0    days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                                (Check only one)

   I    0 to 5 days       X         Petty     ___
   II   6 to 10 days      ___       Minor     ___
   III  11 to 20 days     ___       Misdem.   ___
   IV   21 to 60 days     ___       Felony     X
   V    61 days and over  ___

6. Has this case been previously filed in this District Court? (Yes or No)   No
   If yes:
   Judge: Lenard                                Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   No
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the                             District of _____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?   ___ Yes   X No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?   ___ Yes   X No

                                        _____
                                        MICHAEL N. BERGER
                                        ASSISTANT UNITED STATES ATTORNEY
                                        Court No. A5501557

*Penalty Sheet(s) attached                                                                                REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: <u>JHONNATHAN TEODORO MARIN SANGUINO</u>

**Case No**: _____

Count #: 1

<u>Conspiracy to Commit an Offense Against the United States</u>

<u>Title 18, United States Code, Section 371</u>

**\* Max. Penalty:** Five (5) Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. |
| JHONNATAN TEODORO MARIN SANGUINO, | ) | |
| | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

    I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

    After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*