UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cr-20164-ScoLA

UNITED STATES OF AMERICA

vs.

JHONNATHAN MARIN,

    **Defendant.**
_____/

## FACTUAL PROFFER

    The United States and Jhonnathan Marin (the "defendant") stipulate and agree that the information herein is true and accurate, and a sufficient basis for the defendant's plea of guilty, and if this case had proceeded to trial, the United States would have proven the following facts beyond a reasonable doubt, which prove that the defendant is guilty of Count 1 of the Information, Conspiracy to Commit an Offense against the United States, in violation of Title 18, United States Code, Section 371.

    From in or around 2008, continuing through at least in or around 2017, the defendant, Jhonnathan Marin, served as the mayor of the city of Guanta in Venezuela. Guanta controls a significant port within Venezuela for the receipt of goods and the shipment of oil related to the operations of the Venezuelan state-owned oil company, Petróleos de Venezuela S.A. ("PDVSA"), and certain of its subsidiaries, in the oil rich Orinoco region of Venezuela. PDVSA controlled several joint venture subsidiaries in this region, including: (a) Petrocedeño, S.A. ("Petrocedeño"), a joint venture between PDVSA and two European oil companies; (b) Petromonagas, S.A. ("Petromonagas"), a joint venture between PDVSA and a Russian oil company; (c) Petropiar, S.A. ("Petropiar"), a joint venture between PDVSA and an oil company in the United States; and (d)

Petrolera Sinovensa, S.A. ("Petrolera Sinovensa"), a joint venture between PDVSA and a Chinese oil company (together, the "PDVSA Subsidiaries"). PDVSA and the PDVSA Subsidiaries were controlled by the Venezuelan government and performed government functions for and on behalf of Venezuela.

Co-Conspirator 1 was a contractor with the PDVSA Subsidiaries who conducted business with, and received substantial contracts from, the PDVSA Subsidiaries. Co-Conspirator 1 controlled multiple companies that provided goods and services under these contracts (the "Co-Conspirator 1 Companies"). The Co-Conspirator 1 Companies maintained bank accounts at banks in South Florida from 2013 to 2017 (the "relevant period").

During the relevant period, the defendant and others, including Co-Conspirator 1, knowingly and willfully conspired to knowingly conduct a financial transaction which involved the proceeds of a specified unlawful activity with the intent to promote the carrying on of the specified unlawful activity.

Specifically, during the relevant period, the defendant received approximately $3,800,000 in bribe payments from Co-Conspirator 1, through bank accounts controlled by the Co-Conspirator 1 Companies, in exchange for using his official position as the mayor of Guanta to influence officials at the PDVSA Subsidiaries to award contracts to the Co-Conspirator 1 Companies. For example, the defendant and other members of the conspiracy influenced and directed the head procurement director of Petrocedeño to award contracts for the benefit of the Co-Conspirator 1 Companies from 2015 to 2017. As a result of the influence exerted by the defendant and others, the procurement director helped award tens of millions of dollars in contracts for the benefit of Co-Conspirator 1 and the Co-Conspirator 1 Companies.

The defendant also used his official position to exert influence on other officials at the PDVSA Subsidiaries. For example, in or around May 2015, the defendant attended a meeting in Venezuela with senior officials at the PDVSA Subsidiaries. At this meeting, the defendant and the senior officials agreed to assign procurement contracts to certain contractors with ties to officials at the PDVSA Subsidiaries, including Co-Conspirator 1, and/or ties to individuals in the Venezuelan government or military.

During the relevant period, the Co-Conspirator 1 Companies received tens of millions of dollars in payments on contracts from the PDVSA Subsidiaries into accounts in South Florida. Thereafter, in order to promote the illegal bribery scheme, the defendant directed and caused Co-Conspirator 1 to send numerous wire transfers using proceeds from the scheme from the accounts of the Co-Conspirator 1 Companies to accounts controlled and maintained by the defendant, his family members, and others for the defendant's personal benefit, including for the purchase of properties in South Florida and for the use of private jets. For example, on or about December 20, 2016, the defendant and Co-Conspirator 1 caused a wire transfer of approximately $250,000 from one of the accounts of the Co-Conspirator 1 Companies to an account in the name of defendant's close relative at a bank in South Florida for the benefit of the defendant. Similarly, on January 2, 2018, the defendant and Co-Conspirator 1 caused a wire transfer of approximately $15,000 from another account of the Co-Conspirator 1 Companies to an account of a corporation held in the defendant's name in South Florida.

During the relevant period, the defendant received at least $3.8 million in corrupt payments in exchange for providing business advantages and helping companies secure contracts from the PDVSA Subsidiaries. The defendant and his co-conspirators knew the corrupt transactions and the use of the proceeds from the transactions were unlawful.

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for the defendant's guilty plea to the charge against him. It does not include all the facts known to the defendant concerning criminal activity in which the defendant and others engaged. The defendant makes this statement knowingly and voluntarily and because he is in fact guilty of the crime charged.

JUAN ANTONIO GONZALEZ
~~ACTING~~ UNITED STATES ATTORNEY

Date: 6-23-22           By: *[signature]*
                             MICHAEL N. BERGER
                             ASSISTANT UNITED STATES ATTORNEY

                             DANIEL S. KAHN
                             ACTING CHIEF, FRAUD SECTION
                             CRIMINAL DIVISION

Date: 6-23-22           By: *[signature]*
                             ALEXANDER KRAMER
                             TRIAL ATTORNEY, FRAUD SECTION

Date: 6/23/22           By: *[signature]*
                             MICHAEL NADLER
                             COUNSEL FOR DEFENDANT

Date: 6/23/22           By: *[signature]*
                             JHONNATHAN MARIN
                             DEFENDANT

4