UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20164-SCOLA

UNITED STATES OF AMERICA

v.

**JHONNATAN TEODORO MARIN SANGUINO,**

    **Defendant.**
_____/

**PRELIMINARY ORDER OF FORFEITURE**

THIS MATTER is before the Court upon motion of the United States of America (the "United States") for entry of a Preliminary Order of Forfeiture ("Motion") against Defendant Jhonnatan Teodoro Marin Sanguino (the "Defendant"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On April 21, 2022, the United States filed an Information charging the Defendant with the sole count of conspiracy to commit money laundering in violation of 18 U.S.C. § 371 (conspiracy to commit an offense against the United States), specifically, conspiracy to violate 18 U.S.C. § 1956(a). Information, ECF No. 1. The Information also contained forfeiture allegations, which alleged that upon conviction of a conspiracy to commit a violation of 18 U.S.C. § 1956(a), the Defendant shall forfeit to the United States all property, real or personal, which constitutes or is derived from proceeds traceable to such offense. *See id.* at 7.

On June 23, 2022, the Court accepted the Defendant's guilty plea to the sole count of the Information. *See* Minute Entry, ECF No. 19; Plea Agreement ¶ 2, ECF No. 17. As part of the guilty plea, the Defendant agreed to the forfeiture of a forfeiture money judgment in the amount of $3,800,000.00. Specifically, among other provisions in the Plea Agreement, the Defendant

agreed to the following:

> 11. The property subject to forfeiture includes but is not limited to a forfeiture money judgment in the sum of $3,800,000.00 in United States Currency, which sum represents the value of the property subject to forfeiture.

Plea Agreement ¶ 11.

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, ECF No. 18. The Factual Proffer also provided a basis for the forfeiture of property. *See id.* at 3

From in or around 2008, continuing through at least in or around 2017, the Defendant served as the mayor of the city of Guanta in Venezuela. Factual Proffer, at 1. Guanta controls a significant port within Venezuela for the receipt of goods and the shipment of oil related to the operations of the Venezuelan state-owned oil company, Petróleos de Venezuela S.A. ("PDVSA"), and certain of its subsidiaries, in the oil rich Orinoco region of Venezuela. *Id.*

Co-Conspirator 1 controlled multiple companies (the "Co-Conspirator 1 Companies") that provided goods and services pursuant to contracts with PDVSA subsidiaries. *Id.* The Co-Conspirator 1 Companies maintained bank accounts at banks in South Florida from 2013 to 2017. *Id.* During the relevant period, the Defendant received approximately $3,800,000 in bribe payments from Co-Conspirator 1, through bank accounts controlled by the Co-Conspirator 1 Companies, in exchange for using his official position as the mayor of Guanta to influence officials at the PDVSA Subsidiaries to award contracts to the Co-Conspirator 1 Companies. *Id.* As a result of the influence exerted by the defendant and others, the procurement director helped award tens of millions of dollars in contracts for the benefit of Co-Conspirator 1 and the Co-Conspirator 1 Companies. *Id.*

To promote the illegal bribery scheme, the Defendant directed and caused Co-Conspirator 1 to send numerous wire transfers using proceeds from the scheme from the Co-Conspirator 1 Companies' accounts to accounts controlled and maintained by the Defendant, his family members, and others for the Defendant's personal benefit, including for the purchase of properties in South Florida and for the use of private jets. *Id.* During the relevant period, the defendant received at least $3.8 million in corrupt payments in exchange for providing business advantages and helping companies secure contracts from the PDVSA Subsidiaries. *Id.* The defendant and his co-conspirators knew the corrupt transactions and the use of the proceeds from the transactions were unlawful. *Id.*

Based on the record in this case, the total value of the proceeds traceable to the offense of conviction is $3,800,000, which sum may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1. Pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853, and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $3,800,000.00 is hereby entered against the Defendant.

2. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

4. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

**DONE AND ORDERED** in Miami, Florida, on August 4, 2022.

_____
ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE